UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

Lei-Le Isaura Jade Christenson

Plaintiff,

v.

Meriter Hospital / UnityPoint Health – Meriter,

UW Health, and

Does 1–10 (individual staff to be named upon discovery),

Defendants.

25-cv-441-jdp

FILED/REC'D
2025 MAY 21 P 1: 24
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

Case No.: [To be assigned]

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

(Civil Rights Violations, Medical Negligence, Disability Discrimination, Insurance Fraud)

---

I. JURISDICTION AND VENUE

1. This is an action for declaratory and monetary relief arising under the U.S. Constitution (14th Amendment), Americans with Disabilities Act (ADA), Patient Protection statutes, and applicable state laws of Wisconsin.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1343, and 1367, as this matter involves violations of federal constitutional rights and federal statutes.

3. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred at Meriter Hospital, located in Dane County.

---

II. PARTIES

4. Plaintiff Lei-Le Christenson is a resident of Wisconsin and the birth mother of Viviana Lucila Neija Retelle. She is a postpartum patient, disabled, and was under high-risk medical classification during pregnancy.

5. Caleb Retelle is Lei-Le's partner, present during many interactions and incidents, and co-parent to their child. He witnessed medical negligence and related harm.

6. Defendant Meriter Hospital (UnityPoint Health – Meriter) is a state-affiliated medical institution providing services in Madison, WI.

7. Defendant UW Health collaborates with and oversees some medical staff within Meriter and is jointly responsible for care protocols and patient rights enforcement.

8. Defendants Does 1–10 are hospital staff and administrators whose names and actions will be amended following discovery.

## III. FACTUAL BACKGROUND

9. In October 2024, Plaintiff Lei-Le Christenson entered Meriter Hospital while under high-risk pregnancy status. She had a PICC line, limited venous access, SMAS (a rare condition), and required complex care.

10. Despite her medical vulnerabilities, Defendants failed to follow ADA guidelines, ignored requests for specific care needs, and refused accommodations, including a custom birth plan or basic explanations of treatment decisions.

11. Plaintiff was falsely diagnosed with HIV without any supporting test or result. No call or disclosure was made. She only discovered this upon accessing her own records after discharge.

12. Defendants also falsely reported that Plaintiff took and failed a gestational diabetes test that was never administered or consented to, resulting in fraudulent insurance billing and misdiagnosis.

13. At birth, Plaintiff's placenta was taken and never returned or documented, despite repeated inquiries. She was never told of its use, pathology, or storage, violating both consent and property laws.

14. At no point did Defendants honor informed consent, patient dignity, or constitutional protection against state-sanctioned harm. Their misconduct exacerbated Plaintiff's medical trauma and interfered with family rights.

15. Defendants' negligence led to emotional distress, PTSD symptoms, and potential long-term medical and legal consequences for both Plaintiffs and their child.

## IV. CLAIMS FOR RELIEF

Count I: Violation of 14th Amendment – Due Process and Equal Protection (42 U.S.C. § 1983)

16. Defendants, acting under color of state law, denied Plaintiff adequate medical care and personal autonomy in violation of the 14th Amendment.

Count II: Disability Discrimination (ADA Title II and Rehabilitation Act)

17. Plaintiff was denied reasonable accommodations despite clear documentation of her disabilities and medical risks.

Count III: Medical Negligence and Lack of Informed Consent (State Law Claim)

18. Defendants failed to obtain informed consent, misrepresented diagnostic procedures, and caused preventable harm.

Count IV: Fraud and Misrepresentation

19. Defendants falsely recorded medical procedures (e.g., gestational diabetes test) and submitted them for insurance billing, constituting actionable fraud.

Count V: Conversion / Unlawful Possession of Placenta

20. The placenta was unlawfully taken without consent or return, violating Plaintiff's rights to personal and biological property.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

a. Grant monetary damages in an amount to be proven at trial, including pain and suffering, emotional distress, and medical costs;

b. Grant punitive damages for egregious and reckless conduct;

c. Declare Defendants' actions to be unlawful and unconstitutional;

d. Order corrective actions, including correction of all false medical records;

e. Grant attorney-in-fact compensation under power of representation at $100/hour for research, advocacy, and legal preparation;

f. Grant any other relief the Court deems just and proper.

## VI. JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims so triable.

Dated: 04/24/2025

Respectfully submitted,

/s/ Lei-Le Isaura Jade Christenson

Without prejudice UCC 1-308 / UCC 1-103

All rights reserved, without recourse